UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cr-00087-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **JAMES ISAAC DRAYTON,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's fifth pro se motion (#35), which is not titled, filed since he entered his plea. This time defendant appears to contend that he is being unlawfully held and that he is entitled to federal habeas corpus relief. In his summary paragraph, defendant contends in relevant part as follows:

> [t]he United States cannot have jurisdiction over me for committing any crime that I was not lawfully summon or arraigned for to create factual basis and also to serve an indictment on me. That would violate my Due process of the law. All state charges were dropped against me, also all pending gun charges that the U.S. held against me. If the United States, prosecutor holds the opinion that I shot at some black male subject, and shot some bystander in the toe, then that is his opinion as well. Any assaults would be the jurisdiction of the State, and not the United States Government.

Untitled Motion (#35) at 7-8 (errors in the original). While defendant states that he has fired his counsel and is representing himself, it is readily apparent that defendant knows just enough about the law to harm his own legal interests.

First, defendant's request for *habeas corpus* relief from his pretrial detention imposed by this court is without merit. Complaints as to the lawfulness of arrest and pretrial detention, are not cognizable issues under federal law:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). See Runge v. United States, 427 F.2d 122 (10th Cir. 1970); Williams v. United States, 344 F.2d 264 (8th Cir.1965); Ragavage v. United States, 272 F.2d 156 (5th Cir. 1960); Houser v. United States, 508 F.2d 509, 514–516 (8th Cir. 1974). Here, defendant's custody is not "under sentence of a court," but based on an Order of Detention entered by this court finding that there is a serious risk that the defendant will not appear and that there is a serious risk that the defendant will endanger the safety of another person or the community. Order of Detention (#7) at 1.

As to defendant's contention that the federal government lacks jurisdiction over him or the charges as to which he has pled guilty, defendant's motion comes too late. Rule 12(b)(3) provides as follows:

> (3) Motions That Must Be Made Before Trial. The following must be raised before trial:
> (A) a motion alleging a defect in instituting the prosecution;
> (B) a motion alleging a defect in the indictment or information—but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense;
> (C) a motion to suppress evidence;
> (D) a Rule 14 motion to sever charges or defendants; and
> (E) a Rule 16 motion for discovery.

Fed.R.Crim.P. 12(b)(3). In this case, defendant has pled guilty and been advised that there will be no trial. Thus, this rule covers and excludes defendant's uncounseled arguments. Further, none of the arguments put forward have any legal merit as the United States certainly has jurisdiction to bring the charges it brought against defendant by Bill of Indictment under 18

U.S.C. § 922(g)(1) and this court has the authority to issue a warrant where, as here, a true bill is returned by the Grand Jury.

To the extent that defendant is challenging the fact that his offense conduct includes his firing of the ammunition (the possession of which he is charged in the Indictment) at others and striking a bystander, defendant can argue at sentencing why the court should not consider that fact when imposing a sentence.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's pro se Untitled Motion (#35) is **DENIED**.

Signed: June 9, 2014

Max O. Cogburn Jr.
United States District Judge